# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERT WOODROW CARNES,**

      **Plaintiff,**

v.                                                   **Case No:   6:17-cv-1173-Orl-40KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** UNOPPOSED MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND CONSENT TO MAGISTRATE JURISDICTION (Doc. No. 22)
>
> **FILED:** September 27, 2018

Plaintiff, Robert Woodrow Carnes, seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. An order reversing the decision below was entered on July 26, 2018, and final judgment issued on July 27, 2018. Doc. Nos. 20, 21. Counsel for Plaintiff represents that the Commissioner does not object to the relief requested. Doc. No. 22, at 2. The motion was referred to me for issuance for a Report and Recommendation, and it is now ripe for consideration.[1]

---

[1] While counsel purport to consent to the jurisdiction of the Magistrate Judge to resolve this motion, Doc. No. 22, at 2, they do so in the body of the motion, which does not contain a signature of counsel for

Plaintiff through Shea A. Fugate, Esq., his counsel of record, seeks an award of $6,138.60 in EAJA fees. Doc. No. 22, at 1. The fee request covers 26.5 hours of work performed by Attorney Fugate in 2017 and 4.7 hours of work performed by her in 2018. Doc. No. 22-2, at 3–4.

The EAJA sets a ceiling of $125.00[2] on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index ("CPI"). 28 U.S.C. § 2412(d)(2)(A). Based on calculations of the cost-of-living adjustment using the CPI, Attorney Fugate requests fees at the rate of $196.75 per hour for the work performed by her in 2017 and 2018. Doc. No. 22-1, at 3. She provides an analysis of the cost-of-living adjustment using the CPI. *Id.* at 2–3. Independent calculations show that the average adjusted hourly rates for 2017 and 2018 are $196.78[3] and $200.78,[4] respectively.

---

Defendant. In order to consent to the jurisdiction of a Magistrate Judge, counsel for all parties and any unrepresented persons must sign the proper consent form, and the fully executed form must be filed separately from the filing of the motion.

[2] Congress amended the EAJA and changed the statutory rate to $125.00 for all civil actions filed on or after March 29, 1996. 28 U.S.C. § 2412(d)(2)(A)(ii) (as amended by Pub. L. 104-121, § 232(b)(1)).

[3] This figure is calculated by taking the "Annual" CPI rate for 2017 and subtracting from it the March 1996 rate (245.120 − 155.7 = 89.42) and then dividing that number by the March 1996 rate (89.42 ÷ 155.7 = 0.5743). These calculations result in the cost-of-living percentage increase from March 1996 through 2017. The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.5743 × 125) + 125 = 196.78). *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button, then check the box next to "include annual averages" and click on "GO" button) (last visited October 1, 2018).

[4] This figure is calculated by taking the "HALF1" CPI rate for 2018 (250.089) and then subtracting from it the March 1996 rate (250.089 − 155.7 = 94.389) and then dividing that number by the March 1996 rate (94.389 ÷ 155.7 = 0.6062). These calculations result in the cost-of-living percentage increase from March 1996 through June 2018. The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.6062 × 125) + 125 = 200.78). *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button, then check the box next to "include annual averages" and click on "GO" button) (last visited October 1, 2018).

Based on the cost-of-living adjustment, the rate requested by Attorney Fugate does not exceed the EAJA cap of $125.00 per hour adjusted for inflation. Therefore, I recommend that the Court approve the requested hourly rate in the absence of objection. I also recommend that the Court find the total number of hours worked by Attorney Fugate to be reasonable in the absence of objection.

Finally, I note that Plaintiff signed a document in which he assigned any fees awarded under the EAJA to his counsel. Doc. No. 22-3. Plaintiff represents that the Commissioner will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel, assuming that the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt. Doc. No. 22, at 2. Because the Commissioner has taken inconsistent positions regarding whether she will honor such an assignment, I recommend that the Court not require that the EAJA fees be paid directly to Plaintiff's counsel but permit the Commissioner to do so in her discretion.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **GRANT in part** Plaintiff's Unopposed Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Doc. No. 22) and that the Court **ORDER** the Commissioner to pay Plaintiff attorney's fees in the amount of $6,138.60.[5]

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

---

[5] Calculated as follows: 31.2 hours worked by Attorney Fugate in 2017 and 2018 x $196.75 per hour = $6,138.60.

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 4, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy